[L. A. No. 13354. In Bank.—June 22, 1932.]

LELAND G. McARTHUR, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Otto A. Gerth for Petitioner.

Julius V. Patrosso and Philbrick McCoy for The State Bar of California.

TYLER, J., *pro tem.*—Petition for writ of review in a disbarment proceeding.

Petitioner, a licensed and practicing attorney at law, was charged in a complaint filed with The State Bar of California with having unlawfully taken from one Cora Dodd Tippie the sum of $3,000, which sum it was alleged was entrusted to him while acting as her attorney, for the pur-

pose of investment in the business of Western States Securities Company for the benefit of said complainant. The complaint charged that petitioner did unlawfully and with fraudulent intent, and for the purpose of defrauding said Cora Dodd Tippie, forge a certain instrument purporting to be a mortgage of real estate, to secure the payment of $3,000, signed by E. F. Richards and Josephine Richards, and made payable to Western States Securities Company. To this complaint petitioner filed his written answer denying the charges made. A hearing was had and the evidence was submitted to local administrative committee No. 8 for Los Angeles County. The committee made its findings of fact, from which it concluded that petitioner had committed "an act involving moral turpitude, dishonesty and corruption in the course of his relations as attorney and counselor-at-law", and recommended to the Board of Governors of The State Bar that he should be disbarred from the practice of law in this state. Subsequently petitioner appealed to the Board of Governors of The State Bar of California and, upon a hearing, the findings of the local administrative committee were approved except that the Board of Governors mitigated the sentence and recommended to this court that petitioner be suspended from practice for a period of eighteen months.

Petitioner claims that the recommendation that he be suspended for this period is unjust and too severe; that the act which he committed merely warranted at most a discipline and the disbarment proceedings have accomplished this end without any suspension. In this connection it is the claim of petitioner that he was not guilty of any act involving moral turpitude in the course of his relations with complainant as attorney or otherwise; that all the things done by petitioner were done at the request and with the full knowledge and approval of said prosecutrix; that she parted with no consideration whatsoever of any kind for the document referred to in the complaint, and that all the money which petitioner received from her was received as a personal loan; that such document was made for the prosecutrix at her own suggestion and was never intended as a binding obligation, and no consideration whatsoever was given for the same. The evidence taken upon the hearing, briefly stated, shows that in the year 1925 petitioner began

acting as attorney for Mrs. Tippie. Shortly after this time, a friendship and infatuation arose between them and there is evidence which indicates that their relationship became meretricious. For the purpose of concealing this intimacy and carrying on this relationship, and to present a plausible excuse for being constantly together, petitioner, so he claimed, organized the Western States Securities Company, at the request of Mrs. Tippie, as an instrumentality through which the prosecutrix could conduct her business. The headquarters of the company were in the office of petitioner. Petitioner claims that, after the company was formed and for the purpose of having it appear that it was transacting business, he, at the request of Mrs. Tippie, executed the instrument in question. The instrument purported to be a mortgage for $3,000, but as a matter of fact it was a fabricated document.

It further appeared that during the years covering their intimacy, Mrs. Tippie had advanced various sums of money to petitioner. Petitioner claims that the sums so advanced were mere loans which were never intended to be repaid as the parties had agreed to a marriage in the event that petitioner should succeed in divorcing his wife. In 1928 petitioner's wife discovered petitioner in the apartment of Mrs. Tippie. This discovery resulted in a rupture of the relations existing between petitioner and Mrs. Tippie. After a conference with his father, petitioner concluded to have nothing more to do with Mrs. Tippie and so informed her. She thereupon demanded that he account to her for the money she had advanced to him for investment. She claimed that these advances amounted to $8,000 and she informed him that unless the sum was paid she would take steps to recover the same. The sum demanded included the $3,000 represented by the spurious instrument. After this demand, petitioner executed two promissory notes in favor of Mrs. Tippie for $4,000 each. These notes were indorsed by petitioner's father, who also deposited certain security in stocks and bonds of the value of $7,500 as collateral. The notes were subsequently paid. Petitioner claims that when he informed Mrs. Tippie of his decision to break off his relations with her, she became aroused, angered and resentful and that her charges were then conceived, in spite, with the one thought in view of injuring

655

petitioner because he had abandoned her. Mrs. Tippie denied that such motives impelled her actions and in fact denied that any clandestine relations had ever existed between herself and petitioner. She testified that the only relations between her and petitioner were that of attorney and client; she also denied that she knew the document in question was fabricated. A further review of the conflicting evidence would answer no useful purpose. It is sufficient to say that there is ample evidence to sustain the finding of the board and we are satisfied with its recommendation. It is therefore ordered that the petitioner herein, Leland G. McArthur, be and he is hereby suspended from the practice of law in this state for the period of eighteen months beginning on the tenth day from and after the filing of this order.

Preston, J., Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.